## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

GEORGE M. DARCY,

     Plaintiff,

v.

WILLIAMS, RUSH & ASSOCIATES, LLC,

     Defendant.

Case No. 3:21-cv-00187

**NOW COMES** GEORGE M. DARCY, by and through his undersigned counsel, complaining of Defendant WILLIAMS, RUSH & ASSOCIATES, LLC, as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.     Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

5.     GEORGE M. DARCY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Harriman, Tennessee.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

8.      WILLIAMS, RUSH & ASSOCIATES, LLC ("Defendant") maintains its principal place of business at 4144 N Central Expy. Suite 945, Dallas, Texas 75204.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.      In 1999, Plaintiff entered into a truck driving program with Tennessee Driving School in relation to obtaining a job with Stevens Transport once the driving program was completed.

11.      Unfortunately, Plaintiff left the program in August 1999 due to personal reasons.

12.      Due to the early termination of the driving program, Plaintiff incurred a balance for the short term that he was in the program ("subject debt").

13.      In June 2020, Defendant began placing collection calls to Plaintiff's cellular telephone number (432) XXX-2112, in an attempt to collect on the subject debt.

14.      Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 2112.

15.      On or around June 2020, Plaintiff spoke with one of Defendant's representatives.

16.      Defendant's representative advised Plaintiff that there was an outstanding balance of $2,000.

17.      Plaintiff offered to pay the subject debt, stating that he could only pay $100 immediately and $50 per week thereafter.

18.      Defendant denied this payment plan. Defendant demanded that Plaintiff pay $500 upfront and then make weekly payments of $500.

19.     Plaintiff was unable to accept this payment arrangement due to immense financial hardship.

20.     During the second phone call with Defendant, Defendant's representative went on to explain to Plaintiff that if he did not pay the subject debt, Plaintiff could lose his license, house, and job.

21.     Furthermore, Defendant warned Plaintiff that he would be taken to court over the nonpayment of the subject debt.

22.     During this phone call, Plaintiff requested that the phone calls cease.

23.     Undeterred, Defendant has continued placing unwanted and unconsented phone calls to Plaintiff's cellular phone number without his consent.

24.     In total, Defendant placed no less than thirty-five unwanted and unconsented phone calls to Plaintiff's cellular phone.

25.     In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

26.     Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

27.     Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

28.     Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

29.     Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (855) 558-0672.

30.     Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

31.     Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

32.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

33.     In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

34.     Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

35.     All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

### a.  Violations of FDCPA § 1692c

36.     Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

37.     As set forth above, Plaintiff requested that Defendant cease its collection calls to his phone.

38.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

39.     Defendant violated § 1692c(a)(1) by placing at least thirty-five collection calls to Plaintiff's phone number at a time Defendant knew to be inconvenient for Plaintiff.

40.     In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b.  Violations of FDCPA § 1692d

41.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

42.     Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

43.     Defendant violated §§ 1692d and d(5) by placing at least thirty-five collection calls to Plaintiff's phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

44.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

45.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

46.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c.   Violations of FDCPA § 1692e

47.     Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

48.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

49.     Defendant violated §§ 1692e and e(5) by threatening to take legal action against Plaintiff that it cannot take and had no intention of taking.

50.     Specifically, Defendant threatened to take Plaintiff's license, house, job, and pursue legal action in order to collect on the subject debt.

**WHEREFORE**, Plaintiff, GEORGE M. DARCY, requests that this Honorable Court enter judgment in his favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.      Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

51.     Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

52.     The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

53.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

54.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

55.     Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

56.     The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly and sequentially auto-dial Plaintiff's cellular phone number without his consent.

57.     There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly and sequentially dial the number dozens of times thereafter.

58.     Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

59.     Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from June 2020 through the present day, using an ATDS without his prior consent.

60.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

61.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

62.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

63.     Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

64.     The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

65.     Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

66.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, GEORGE M. DARCY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.     Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b.     Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);

c.     Enjoining Defendant from further communicating with Plaintiff; and

d.     Awarding any other relief as this Honorable Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 28, 2021                                Respectfully Submitted,

                                                       /s/ Marwan R. Daher
                                                       /s/ Alexander J. Taylor
                                                       Marwan R. Daher, Esq.
                                                       Alexander J. Taylor, Esq.
                                                       *Counsel for Plaintiff*
                                                       Sulaiman Law Group, Ltd
                                                       2500 S Highland Ave, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8181
                                                       mdaher@sulaimanlaw.com
                                                       ataylor@sulaimanlaw.com